IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL ACTION NO. 4:18-CR-00166-ALM-AGD |
| § | |
| DE'NARD OLIVER WHITFIELD, JR. (2) § | |

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Now before the court is the request for revocation of Defendant De'nard Oliver Whitfield, Jr.'s ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on December 3, 2025, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Matt Johnson.

Defendant was sentenced on May 9, 2019, before The Honorable Marcia A. Crone of the Eastern District of Texas after pleading guilty to Count 1: 21 U.S.C. § 846, 21 U.S.C. § 841(b)(1)(C) Conspiracy to Possess with the Intent to Distribute Cocaine, a Class C felony and Count 2: 18 U.S.C. § 924(c), 18 U.S.C. § 924(c)(1)(A)(i) Possession of a Firearm in Furtherance of a Drug Trafficking Crime, a Class A felony. Count 1 carried a statutory maximum imprisonment term of 20 years and Count 2 carried a statutory maximum imprisonment term of Life. The guideline imprisonment range, based on a total offense level of 12 and a criminal history category of V, for Count 1 was 27 to 33 months, and the guideline imprisonment range for Count 2 was 60 months, consecutive to all other Counts. Defendant was subsequently sentenced to 87 months imprisonment which consists of 27 months on Count 1, and 60 months on Count 2, to run consecutively to Count 1, followed by a 3-year term of supervised release as to Count 1 and a 5-year term of supervised release as to Count 2, to be served concurrently subject to the standard

conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, and a $100 special assessment. On October 23, 2024, Defendant completed his period of imprisonment and began service of the supervision term in the Eastern District of Texas. On July 17, 2024, the case was reassigned to The Honorable Amos L. Mazzant, III, Chief U.S. District Judge for the Eastern District of Texas.

On November 24, 2025, the United States Probation Officer executed a First Amended Petition for Warrant or Summons for Offender Under Supervision (Dkt. #90, Sealed). The First Amended Petition asserts that Defendant violated five (5) conditions of supervision, as follows: (1) <u>Mandatory Condition</u> Defendant must not commit another federal, state, or local crime; (2) <u>Mandatory Condition</u> Defendant must not unlawfully possess a controlled substance; (3) <u>Mandatory Condition</u> Defendant must refrain from any unlawful use of a controlled substance; (4) <u>Special Condition</u> Defendant must participate in a program of testing and treatment for substance abuse and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise Defendant's participation in the program; and (5) <u>Standard Condition</u> Defendant must not communicate or interact with someone he knows is engaged in criminal activity. If Defendant knows someone has been convicted of a felony, he must not knowingly communicate or interact with that person without first getting the permission of the probation officer. (Dkt. #90 at pp. 1–4, Sealed).

The First Amended Petition alleges that Defendant committed the following acts: (1) & (2) According to the Denison, Texas Police Department Offense Report, on June 7, 2025, in Grayson County, Texas, Defendant was a passenger in a vehicle that was stopped for failing to signal a turn. During the traffic stop, the police officer smelled marijuana coming from inside the vehicle. Defendant was not wearing a seat belt and initially refused to identify himself; however, Defendant

REPORT AND RECOMMENDATION – Page 2

later provided his identity. The officer searched the vehicle and found marijuana and cocaine in the vehicle. The location of the cocaine led the officer to believe it belonged to Defendant. The officer asked Defendant a few times who the cocaine belonged to. Defendant replied the cocaine belonged to him. Defendant was arrested for the outstanding supervised release warrant and the new 3rd Degree felony offense of Possession of a Controlled Substance More Than One Gram but Less Than Four Grams. The case was filed on August 6, 2025, under Docket No. 079196 in the Grayson County 59th Judicial District Court. Defendant remains in custody, and his next court date was set for December 17, 2025; (3) On October 24, 2024, Defendant submitted a urine specimen at the United States Probation Office in Plano, Texas. The specimen tested positive for marijuana. Defendant verbally admitted to using marijuana when he was in the Bureau of Prisons prior to release. The specimen was confirmed positive by the national testing laboratory. On November 6, 2024, Defendant submitted a urine specimen at the United States Probation Office. The specimen tested positive for marijuana. The specimen was confirmed positive by the national testing laboratory. An interpretation report from the national lab revealed new use between the specimen on October 24, 2024, and the specimen on November 6, 2024. On November 22, 2024, Defendant submitted a urine specimen at the United States Probation Office. The specimen tested positive for marijuana. The specimen was confirmed positive by the national testing laboratory, and it was determined the specimen was diluted. An interpretation report from the national lab determined new use occurred between the specimen on November 6, 2024, and the specimen on November 22, 2024. On December 3, 2024, Defendant submitted a urine specimen at the United States Probation Office. The specimen tested positive for marijuana but was not sent to the national laboratory because Defendant admitted in writing to smoking marijuana approximately two weeks prior to submission. On February 5, 2025, Defendant submitted a urine specimen at the United

States Probation Office. The specimen tested positive for marijuana and cocaine. The specimen was confirmed positive by the national testing laboratory, and it was determined the specimen was diluted; (4) As part of the random testing program, on March 6, 2025, Defendant failed to report to the United States Probation Office to submit a urine specimen; and (5) on June 7, 2025, Defendant was interacting with someone who was engaged in criminal activity, by smoking and possessing marijuana. (Dkt. #90 at pp. 1–4, Sealed).

Prior to the Government putting on its case at the final revocation hearing, Defendant entered a plea of true to allegations 3 and 4 in the First Amended Petition. Having considered the First Amended Petition and the plea of true to allegations 3 and 4, the court finds that Defendant did violate his conditions of supervised release. The Government moved to dismiss allegations 1, 2, and 5 in the First Amended Petition.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months as to Counts 1 and 2, to be served concurrently to each other and to be served consecutively to any term imposed in the state case, Docket No. 079196 in the Grayson County 59th Judicial District, with a thirty (30) month term of supervised release on each count to be served concurrently to follow.

The court further recommends that allegations 1, 2, and 5 of the First Amended Petition be dismissed.

The court further recommends that all prior conditions imposed in the original judgment be reimposed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in either Seagoville, Texas or Fort Worth, Texas, if appropriate.

**SIGNED this 14th day of January, 2026.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE